**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06CV-P187-S**

**FRANK R. SHERLEY**                                                                    **PLAINTIFF**

**v.**

**JEFFERSON COUNTY GOVERNMENT,**
**LOUISVILLE METRO DEPT. OF CORRECTIONS** *et al.*                **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is an affidavit from the plaintiff, (DN 9), which the Court construes as a a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b). *See Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995).

The plaintiff initiated this civil action under 42 U.S.C. § 1983 while incarcerated at the Louisville Metro Department of Corrections. On May 17, 2006, the Court entered an Order granting the plaintiff's application to proceed without prepayment of fees (DN 4). On May 22, 2006, the copy of the Court's Order sent to the plaintiff was returned to the Court by the United States Postal Service marked, "Return to Sender" and "Inmate Not In Custody" (DN 5). After several additional months had passed and the plaintiff had failed to advise the Court of any change in his address, the Court dismissed this action in September 2006 without prejudice for failure to prosecute (DN 6). Six months later, the plaintiff wrote the Court asking about the status of this action (DN 8). The Clerk of Court mailed the plaintiff a copy of the Court's Order of Dismissal and a docket sheet. The plaintiff then filed an affidavit claiming to have notified the Court of his change of address in July 2006, and requesting the Court to reopen this action.

Rule 60(b) motion "is intended to provide relief to a party in only two instances: (1)

when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000). The Court does not find that Rule 60(b) relief is warranted in this case.

The Clerk of Court has no record of receiving a change of address notice from the plaintiff in July 2006. Additionally, the first returned mail the Court received was in May 2006. Thus, it appears that the plaintiff was transferred several months before he claimed to have attempted to notify the Court in July 2006. The Court could have easily dismissed this action in May 2006 when the fee Order was first returned to the Court. Additionally, even if the plaintiff had notified the Court of an address change in July 2006, he has failed to explain why he waited an additional eight months before he wrote the Court to inquire about the status of his case. These facts suggest a lack of diligence on the plaintiff's part and support the Court's prior decision that the plaintiff had effectively abandoned this action.

Accordingly, the plaintiff's motion for relief for judgment (DN 9) is **DENIED.** Plaintiff is reminded that because this action was dismissed without prejudice, he may refile it if he so desires.

Date:

cc:     Plaintiff, *pro se*

4411.008